UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DERRICK GILLIAM,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:      CIVIL CASE NO.<br>     3:20cv848 (JCH)<br><br><br><br>JUNE 7, 2022 |

**RULING RE: PETITIONER'S PRO SE MOTION TO VACATE SENTENCE
(DOC. NO. 1)**

**I.     INTRODUCTION**

In this habeas case, petitioner Derrick Gilliam ("Gilliam") moves to vacate his sentence pursuant to section 2255 of title 28 of the United States Code. For the reasons set forth below, Gilliam's Motion (Doc. No. 1) is denied.

**II.    BACKGROUND**

On July 28, 2016, Gilliam pleaded guilty to conspiracy to affect commerce by robbery. See USA v. Gilliam, 15-cr-0063, Plea Agreement (Doc. No. 61). In his Plea Agreement, Gilliam waived his right to appeal any sentence that did not "exceed 121 months, a 3-year term of supervised release, a fine of 175,000.00, a restitution order of $12,100.00 and a $100 special assessment . . . ." See Id. On November 29, 2016, the court sentenced Mr. Gilliam to 121 months of imprisonment, 3 years of supervised release, a $100 special assessment, and $12,100 of restitution. See USA v. Gilliam, 15-cr-0063, Minute Entry (Doc. No. 79) & Judgment (Doc. No. 81).

After sentencing, Gilliam sought to appeal the conviction for violations of his right to a speedy trial. See April 3, 2017 Gilliam Email (Doc. No. 1 at 6). His appellate counsel, Attorney Freifeld ("Freifeld") filed a brief pursuant to Anders v. California, 386

1

U.S. 738 (1967), seeking to be relieved as counsel because no non-frivolous issues existed for appeal.  See USA v. Derrick Gilliam, 16-4125, Anders Brief (Doc. No. 48). On February 23, 2018, the Second Circuit affirmed the conviction and dismissed his appeal.  See USA v. Derrick Gilliam, 16-4125, Order Granting Motion to be Relieved as Counsel & Motion to Dismiss (Doc. No. 71).

Over two years later, on June 19, 2020, Gilliam filed the instant pro se Motion to Vacate the Sentence on the ground that his appellate counsel provided ineffective assistance of counsel.  See Mot. to Vacate Sentence (Doc. No. 1).  The court appointed counsel in this matter and ordered the filing of any supplemental brief or motion by June 17, 2021.  See May 27, 2021 Minute Entry (Doc. No. 22).  At a May 27, 2021 status conference, Mr. Gilliam's counsel indicated that he did not intent to augment Mr. Gilliam's pro se filing.  See Transcript, May 27, 2021 Status Conference at 4-5 (Doc. No. 27).  After speaking with Mr. Gilliam, Mr. Gilliam's counsel declined to make a supplemental filing, see May 19, 2022 Minute Entry (Doc. No. 26), and the government submitted its opposition on August 12, 2021.  See Opp'n (Doc. No. 24).

### III.     LEGAL STANDARD

Section 2255 of title 28 of the United States Code permits a federal prisoner to move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Therefore, relief is available "under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of

justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). The petitioner bears the burden of proving that he is entitled to relief by a preponderance of the evidence. See Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011).

## IV. DISCUSSION

Gilliam seeks relief on the ground that his appellate counsel was constitutionally ineffective. See Mot. to Vacate Sentence at 1. The government opposes Gilliam's Motion, arguing, first, that the Motion is time barred, and second, that the Motion lacks merit. See Opp'n at 1.

### A. Whether Gilliam's Motion is Time Barred

First, the government contends that Gilliam failed to file his Motion within the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2255(f). Under the limitations period, a petitioner must file within a year of the latest of four events:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Only subsection 1 is applicable to Gilliam's case.

The Second Circuit has held that "a judgment of conviction becomes final for purposes of § 2255 when the Supreme Court affirms a conviction on the merits on direct

review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Burrell v. United States, 467 F.3d 160, 164 (2d Cir. 2006) (citing Moshier v. United States, 402 F.3d 116, 118 (2d Cir.2005) (internal quotation marks and citation omitted)).  A petition for certiorari must be filed within ninety days of an appellate court's judgment or decree.  28 U.S.C. § 2101(c); see also U.S. Sup Ct. Rule 13(1) ("a petition for a writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"); U.S. Sup. Ct. Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate").  Thus, Gilliam's judgment became final when his time to file a certiorari petition expired on May 24, 2018, ninety days after the Second Circuit entered its Order dismissing his appeal on February 23, 2018.  See USA v. Derrick Gilliam, 16-4125, Order Granting Motion to be Relieved as Counsel & Motion to Dismiss (Doc. No. 71).  Under section 2255(f), Gilliam's Motion was due one year later, on May 24, 2019.  He failed to file until June 19, 2020 and, thus, missed the deadline.  See Mot. to Vacate Sentence.

      Gilliam submitted the instant Motion pro se, and he was unrepresented by counsel in this habeas proceeding until October 19, 2020.  See Order Appointing Counsel (Doc. No. 14).  Therefore, the court construes his filing liberally.  Edwards v. INS, 59 F.3d 5, 8 (2nd Cir.1995).  However, Gilliam's status as a self-represented litigant cannot mitigate his failure to timely file, as, "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."  Id.; see also United States v. Lesch, No. 3:02-CR-401, 2009 WL 4110755, at *2 (N.D.N.Y. Nov. 20, 2009) (denying a pro se §2255 petition for a lack of timeliness).

Moreover, while AEDPA's one-year period "is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period", Gilliam has never requested an extension nor has he offered any facts to support equitable tolling in this case.  See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) ("a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period" (internal quotation marks and citation omitted)).  Nor has Gilliam alleged that he is actually innocent, a circumstance that could raise serious constitutional questions about foreclosing relief by imposing a one-year limitations period.  See Sanchez v. United States, No. 10-CR-392-16 (CS), 2021 WL 2481836, at *1 (S.D.N.Y. June 17, 2021) (collecting cases) ("If the requirements for neither § 2255 (f) nor equitable tolling are met, Petitioner's claim may be heard only if he shows he is actually innocent.").[1] Thus, Gilliam's Motion to Vacate the Sentence is time barred. 28 U.S.C. § 2255(f).

B.     Whether Gilliam's Motion has Merit

Even if Gilliam's Motion had been timely, the government argues, Mr. Gilliam cannot demonstrate that his counsel's performance was objectively unreasonable or that he suffered prejudice as a result of his counsel's performance.

To succeed on an ineffective assistance of counsel claim, a petitioner "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." Harrington v. United States, 689 F.3d 124, 129 (2d

---

[1] "The Supreme Court has made clear that the actual innocence exception is very narrow and is concerned with actual as compared to legal innocence. The exception, therefore, does not apply where the petitioner merely makes a legal argument." Darby v. United States, 508 F. App'x 69, 71 (2d Cir. 2013).

Cir.2012) (citing Strickland v. Washington, 466 U.S. 668, 687–88 (1984)) (the "Strickland test").  The Second Circuit has described the burden as "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (citations and internal quotation marks omitted).  "The determinative question at this step is not whether counsel deviated from best practices or most common custom, but whether his representation amounted to incompetence under prevailing professional norms." Id. at 129–30 (internal quotation marks and citation omitted).  If a petitioner cannot establish his counsel performed deficiently, then his entire ineffective assistance claim fails and the second step of the Strickland test—whether the petitioner was prejudiced—becomes moot. See Strickland, 466 U.S. at 697.

      Here, Gilliam cannot satisfy the first prong of the test for ineffective assistance because he has not demonstrated that Attorney Freifeld's performance was objectively deficient.  Indeed, the record reflects that Attorney Freifeld discussed the issues and risks with Gilliam, see Feb. 2, 2017 Freifeld Email (Doc. No. 1 at 8); Mar. 7, 2017 Freifeld Letter (Doc. No. 1 at 13), telling Gilliam he would do his best, but warning Gilliam that he risked a higher sentence and informing Gilliam that he would "not raise an issue in the brief on appeal if [Freifeld] believe[d] that it [was] frivolous . . . ."  After reviewing the district court record, Attorney Freifeld determined that no non-frivolous grounds for appeal existed and submitted an Anders brief to that effect, advising Gilliam that he had the right to request new counsel or submit a pro se brief.  See July 5, 2017 Freifeld Letter (Doc. No. 1 at 14).  Ultimately, the Second Circuit granted Attorney

Freifeld's Anders Motion to withdraw.  See USA v. Derrick Gilliam, 16-4125, Order Granting Motion to be Relieved as Counsel & Motion to Dismiss (Doc. No. 71).

While Gilliam argues that Attorney Freifeld's decision to submit an Anders brief constitutes ineffective assistance of counsel, courts in this Circuit have consistently rejected that argument.  See, e.g., Cobb v. United States, 496 F. Supp. 2d 215, 218 (N.D.N.Y. 2006) ("The submission of an Anders brief does not meet the Strickland standard for ineffective assistance if the request to withdraw is granted by the court."); Chen v. United States, No. 11 CR. 1038 (JFK), 2017 WL 4326529, at *7 (S.D.N.Y. Sept. 28, 2017) (same); Geronimo v. Rushing, No. 11-CV-1121 CBA, 2014 WL 4678253, at *19 (E.D.N.Y. Sept. 19, 2014) (same); see also Anders v. California, 386 U.S. 738, 744 (1967) (stating that one purpose of an Anders brief is "to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled").  In effect, the Second Circuit inherently "affirmed that [Attorney Freifeld] had met the proper standards of reasonableness" when it granted his Anders Motion.  See United States v. Owolabi, No. 04 CR. 1316 (DC), 2008 WL 1809180, at *4 (S.D.N.Y. Apr. 18, 2008).  Thus, Attorney Freifeld's performance was not objectively unreasonable, and Gilliam cannot prove the first prong of the Strickland test.

Because Gilliam cannot satisfy the Strickland test's first step, the second step is moot and his ineffective assistance claim fails.  See Strickland, 466 U.S. at 697.

## V.   CONCLUSION

For the foregoing reasons, Mr. Gilliam's Motion to Vacate the Sentence (Doc. No. 1) is denied.  Because Gilliam has not made a "substantial showing" of denial of a

7

constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 7th day of June 2022.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge